UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BROOKS, Individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DARLING INGREDIENTS, INC., F/K/A DARLING INTERNATIONAL, INC., <br><br> Defendant. | No. 1:14-cv-01128-MCE-SMS <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiffs Linda Brooks, Donald Brooks, Donna Conroe, Allen Conroe, and Kimberly Tapscott-Munson (collectively "Plaintiffs") initiated this action individually and on behalf of all persons similarly situated against Darling Ingredients, Inc. ("Defendant"). Plaintiffs filed their First Amended Complaint ("FAC") on August 13, 2014, stating three causes of action for public nuisance, private nuisance, and negligence/gross negligence. ECF No. 20. Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, Defendant's Motion is DENIED.[2]

---

[1] All further references to "Rule" or "Rules are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g). See ECF No. 35.

1

# BACKGROUND[3]

Defendant Darling Ingredients, Inc. constructed and currently operates and/or maintains a rendering plant ("the rendering plant") at 795 W. Belgravia Ave. in Fresno, California. Plaintiffs all reside in Fresno, California, as owners/occupants and renters of residential property within a three-mile radius of the rendering plant. Plaintiffs claim that over the last several years, Plaintiffs' property, including their neighborhoods, residences, and yards, have been and continue to be physically invaded by noxious odors, pollutants, and air contaminants emitted from the rendering plant. Plaintiffs claim that as a result, they have suffered injuries and damages, including exposure to pollutants and horrific odors, interference with the use and enjoyment of their property, and decreased property values. Plaintiffs allege that Defendant has received at least one violation from the San Joaquin Valley Air Pollution Control District due to its emission of odors.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of

---

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' First Amended Complaint. ECF No. 20.

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors

merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendant's Motion seeks to dismiss Plaintiffs' FAC in its entirety. Defendant claims that Plaintiffs fail to state a claim for public and private nuisance because there are no factual allegations to show that Plaintiffs suffered harm different in kind from other members of the Fresno community or that an ordinary person would be reasonably annoyed by the rendering activities. ECF No. 29-1 at 5. Defendant claims that Plaintiffs fail to state a claim for negligence and gross negligence both because they merely recite the legal elements of those claims without any factual support and because those claims are barred by the three-year statute of limitations. Id. As set forth below, Defendants' arguments are not well taken.

### A.  Public/Private Nuisance Claims

Under California Civil Code section 3493, a "private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." A public nuisance is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code § 3480. A private nuisance, on the other hand, is "a non-trespassory interference with the private use and enjoyment of land." San Diego Gas & Elec. Co. v. Superior Court,

1  13 Cal. 4th 893, 9371996); see also Monks v. City of Rancho Palos Verdes,
2  167 Cal. App. 4th 263, 302 (2008). Additionally, "[a] nuisance may be both public and
3  private, but to proceed on a private nuisance theory, the plaintiff must prove an injury
4  specifically referable to the use and enjoyment of his or her land. The injury, however,
5  need not be different in kind from that suffered by the general public." Monks,
6  167 Cal. App. 4th at 302; Koll–Irvine Center Prop. Owners Ass'n v. County of Orange,
7  24 Cal. App. 4th 1036, 1041 (1994).

8      Defendant argues that Plaintiffs have failed to sufficiently plead a cause of action
9  for public nuisance because Plaintiffs have failed to establish that they "suffered harm
10 that was different in kind from other members" of the public, and because they failed to
11 allege that "an ordinary person would be reasonably annoyed" by the activities.  ECF
12 No. 29-1 at 7.  Plaintiffs argue they have alleged harm different in kind to that suffered by
13 the general public because they have suffered property damage whereas other
14 members of the public have merely suffered from annoyance.  ECF No. 31 at 5.
15 Additionally, Plaintiffs claim that they have pleaded facts sufficient to establish that an
16 ordinary person would be reasonably annoyed by Defendant's conduct, even though not
17 explicitly identified as such in the FAC.  Id. at 3-4.

18     With respect to Defendant's first contention, a private individual is not required to
19 plead a special injury when that individual brings a claim for both public and private
20 nuisance based on the same activity.  See Wagner v. Bike, E046447, 2009 WL 4882603
21 (Cal. Ct. App. Dec. 17, 2009) ("When, however, the nuisance is both public and private,
22 the plaintiff is not required to show he suffered damages different in kind from those
23 suffered by other members of general public.") (citing Venuto v. Owens-Corning
24 Fiberglas Corp., 22 Cal. App. 3d 116, 124); Birke v. Oakwood Worldwide, 169 Cal. App.
25 4th 1540, 1551 (2009) ("when the nuisance is a private as well as a public one, there is
26 no requirement the plaintiff suffer damage different in kind from that suffered by the
27 general public"). Instead, a plaintiff claiming that the nuisance is both public and private
28 ///

5

must only show he suffered damages "specifically referable to the use and enjoyment of his or her land."  Koll-Irvine, 24 Cal. App. 4th at 1041.

Plaintiffs have alleged they have suffered and continue to suffer property damage such that they are forced to forego the use of their yards and stay inside their homes because of the noxious odors emitted from Defendant's rendering plant, and that they have faced decreased property values.  See ECF No. 20 at 6-7.  These allegations are sufficient to show interference with the use and enjoyment of land, and thus are sufficient for pleading claims of private and public nuisance based on the same action.  See Koll-Irvine, 24 Cal. App. 4th at 1041.

With respect to Defendant's second ground for dismissal of Plaintiffs' claims, it is true that Plaintiffs must prove that an ordinary person would be reasonably annoyed or disturbed by the condition in order to successfully assert both public and private nuisance claims.  See Birke, 169 Cal. App. 4th at 1548.  However, the Court finds that Plaintiffs have alleged sufficient facts to support the claim that an ordinary person would be reasonably annoyed by the activity. For example, Plaintiffs allege that "[t]he noxious odors, pollutants, and air contaminants" are so severe as to "unreasonably" interfere with the "comfortable enjoyment of life and/or property."  See ECF No. 20 at 18, 20, 31.

Finding that Plaintiffs have sufficiently pleaded facts to support causes of action for public and private nuisance, Defendant's Motion as to these claims is DENIED.

**B.    Negligence/Gross Negligence Claim**

Defendant argues that, "[o]ther than applying the conclusory labels of 'negligently' and 'improperly,' . . . Plaintiffs have failed to plead any facts describing how Darling was supposedly negligent or grossly negligent . . . ."  ECF No. 29-1 at 12.  Defendant also argues that even if Plaintiffs sufficiently pled a claim for negligence and/or gross negligence, the three-year statute of limitations bars the claim.  Id.

"Actionable negligence involves a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury."  United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 586, 594, (1970).  After careful

review of Plaintiffs' FAC, the Court finds that Plaintiffs have alleged enough to support a claim of negligence/gross negligence against Defendant.  Specifically, Plaintiffs have alleged that "[a] properly constructed, operated, and maintained rendering facility will not emit odors and/or air pollutants into neighboring residential areas," and that by "knowingly allowing conditions to exist which caused noxious odors [and] pollutants . . . to physically invade Plaintiffs' property," Defendant was negligent and/or grossly negligent.  ECF No. 20 at 8-9.  Plaintiffs' allegations are sufficient at this early pleading stage.

Under California Civil Procedure Code section 338, a three-year statute of limitations applies to Plaintiffs' negligence claim for injury to real property. Defendant argues that because Plaintiffs alleged that residents have complained of the odors for "several years," they have "pleaded themselves out of court."  ECF No. 29-1 at 14. Specifically, Defendants cite to various cases that have held the word "several" to mean "more than two or three but not many."  See ECF No. 29-1 at 15 n.2.  This argument is unpersuasive, given this early pleading stage and the fact that nothing else on the face of the FAC suggests any specific injury outside the three-year period.

Additionally, even if the Court found the word "several" to necessarily mean more than three, Plaintiffs' claim would be preserved under continuing-wrong accrual principles.  "Where an injury results from a negligent act and injury continues by reason of continued negligence, a recovery may be had for damages caused by the continuing negligence even if the claim for the original injury might be time barred."  People of California v. Kinder Morgan Energy Partners, L.P., 569 F. Supp. 2d 1073, 1086 (S.D. Cal. 2008).  Because Plaintiffs allege that Defendant's negligent acts are ongoing, Plaintiffs' claim is not time barred.  Thus, Plaintiffs have sufficiently pleaded a claim for negligence/gross negligence, and that claim is not barred by the applicable statute of limitations.

///

///

**CONCLUSION**

As set forth above, Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 29) is DENIED.

IT IS SO ORDERED.

Dated:  October 29, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT