1 MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
2 Christopher S. Hall (CA Bar No. 203901)
Daniel S. Cho (CA Bar No. 260902)
3 5 River Park Place East
Fresno, California 93720-1501
4 Phone: (559) 433-1300
Fax: (559) 433-2300
5 christopher.hall@mccormickbarstow.com
daniel.cho@mccormickbarstow.com
6

7 KEATING MUETHING & KLEKAMP PLL
Joseph M. Callow, Jr. (*applying for pro hac vice*)
8 Thomas F. Hankinson (*applying for pro hac vice*)
Jacob D. Rhode (*applying for pro hac vice*)
9 One East Fourth Street, Suite 1400
Cincinnati, Ohio  45202
10 Phone: (513) 579-6400
Fax: (513) 579-6457
11 jcallow@kmklaw.com
thankinson@kmklaw.com
12 jrhode@kmklaw.com

13 Attorneys for Defendant
Darling Ingredients, Inc. (formerly known as Darling
14 International Inc.)

15

**UNITED STATES DISTRICT COURT**

16

**EASTERN DISTRICT OF CALIFORNIA**

17

**FRESNO DIVISION**

18

| | |
|---|---|
| 19 LINDA BROOKS, Individually and on behalf of all others similarly situated, et al. | ) No.  1:14-CV-01128-MCE-SMS |
| | ) **STIPULATED PROTECTIVE ORDER** |
| 20          Plaintiffs, | ) |
| 21     -v- | ) |
| 22 | ) |
| 23 DARLING INGREDIENTS, INC. F/K/A DARLING INTERNATIONAL, INC. | ) |
| 24          Defendant. | |

25

26

27

28

STIPULATED PROTECTIVE ORDER

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.     DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

- 2 -
STIPULATED PROTECTIVE ORDER

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.       DESIGNATING PROTECTED MATERIAL

      5.1       <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass or indiscriminate designations are prohibited.

      5.2       <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

      (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

      A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then,

before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL")to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 45 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 45 days shall be covered by the provisions of this Stipulated Protective Order.  When appropriate, a Designating Party may specify, at the deposition or up to 45 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."  These designations as "CONFIDENTIAL" are subject to the burden obligation set forth in ¶6, *et seq*.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation (within 7 days of the discovery of the inadvertent failure to designate), the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of the challenge. A general challenge to all designations, or to a broad group of designations, without specifying the basis and argument against confidentiality as to each challenged document or small group of documents, shall be insufficient to constitute notice of the challenge and begin the resolution process described in the rest of this paragraph.  The parties shall attempt to resolve the challenge in good faith and must begin the process by conferring directly within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Designating Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

process first or establishes that the Challenging Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to designate the material subject to the challenge within 30 days of the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  If the Designating Party does not file the appropriate motion within the time limits set forth above, the material is considered not confidential.   The burden of filing a Motion is on the Designating Party; however, nothing in this Protective Order precludes the Challenging Party from filing a motion challenging a confidentiality designation and the resulting restrictions under this Order at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below ("FINAL DISPOSITION").

      7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the court and its personnel;

      (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

      (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

10.    MISCELLANEOUS

10.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

- 9 -

10.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable rules. Protected Material may only be filed under seal.

11. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 60 days of receipt of a written request from the Producing Party that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Dated: April 2, 2015

                          Respectfully submitted,

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:  /s/  Daniel S. Cho
Christopher S. Hall (CA Bar No. 203901)
Daniel S. Cho (CA Bar No. 260902)
5 River Park Place East
Fresno, California 93720-1501
Phone: (559) 433-1300
Fax: (559) 433-2300
christopher.hall@mccormickbarstow.com
daniel.cho@mccormickbarstow.com

KEATING MUETHING & KLEKAMP PLL
Joseph M. Callow, Jr. (*applying for pro hac vice*)
Thomas F. Hankinson (*applying for pro hac vice*)
Jacob D. Rhode (*applying for pro hac vice*)
One East Fourth Street, Suite 1400
Cincinnati, Ohio  45202
Phone: (513) 579-6400
Fax: (513) 579-6457
jcallow@kmklaw.com
thankinson@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant Darling Ingredients, Inc.*

By*:  /s/  Ingrid M. Evans*
EVANS LAW FIRM, INC.
Ingrid M. Evans (CA Bar No. 179094)
Elliot Wong (CA Bar No. 285540)
3053 Fillmore Street #236
San Francisco, California 94123
Phone: (415) 441-8669
Fax: (888) 891-4906

```
                                   LIDDLE & DUBIN, P.C.
                                   Laura L. Sheets (*Pro Hac Vice*)
                                   Nicholas A. Coulson (*Pro Hac Vice*)
                                   975 E. Jefferson Avenue
                                   Detroit, Michigan 48207
                                   Phone: (313) 392-0015
                                   Fax: (313) 392-0025
                                   lsheets@mldclassaction.com
                                   ncoulson@mldclassaction.com
```

*Attorneys for All Plaintiffs and the Putative Class*

**IT IS SO ORDERED**.

DATED:  4/3/2015                    /s/ SANDRA M. SNYDER
                                    US DISTRICT/MAGISTRATE JUDGE