LIDDLE & DUBIN, P.C.
Laura L. Sheets (*Pro Hac Vice*)
Nicholas A. Coulson (*Pro Hac Vice*)
975 E. Jefferson Avenue
Detroit, Michigan 48207
Phone: (313) 392-0015
Fax: (313) 392-0025
lsheets@ldclassaction.com
ncoulson@ldclassaction.com

EVANS LAW FIRM, INC.
Ingrid M. Evans (CA Bar No. 179094)
3053 Fillmore Street #236
San Francisco, California 94123
Phone: (415) 441-8669
Fax: (888) 891-4906

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| DONNA CONROE, ALLEN CONROE, and KIMBERLY TAPSCOTT-MUNSON, Individually and on Behalf of all others similarly situated, <br><br> Plaintiffs, <br> -v- <br><br> DARLING INGREDIENTS, F/K/A/ DARLING INTERNATIONAL, INC., <br><br> Defendant, | No. 1:14-CV-01128-DAD-SMS <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE THE OPINIONS OF DAVID WEEKS AND TIMOTHY BOWSER** <br><br> Date: May 17, 2016 <br> Time: 9:30 a.m. <br> Courtroom: 5 <br> Hon. Dale A. Drozd |

## INTRODUCTION

The Scheduling Order ([Doc. No. 39]) in this action bifurcated the case such that the litigation, including all discovery, has been limited to the issue of class certification. (*Id.*, 2:10-3:9). The expert reports disclosed to date are only those authored by "class certification experts." (*Id.*) Merits discovery and litigation deadlines are slated to be determined after a determination is made on the issue of class certification. (*Id.*, 3:18-22). Yet Defendant has filed this motion as though Plaintiffs' experts' charge was to prove Plaintiffs' claims on the merits, and as though this Court should treat their reports as merits evidence.[1] Both of these premises are faulty.

Defendant asserts that "[t]he Court should exclude the opinions of David Weeks and Timothy Bowser because they fail to provide any actual analysis or testing." ([Doc. No. 52-1] 4:26-28). Obviously, no requirement exists that class certification expert testimony include "testing," and it appears that Defendant simply does not understand the analysis that each expert performed. Defendant fails to recognize that at this stage, Plaintiffs are concerned with establishing the Rule 23 prerequisites and not issues that relate only to the merits of the case. Plaintiffs' expert testimony is tailored to that purpose. Defendant criticizes Plaintiffs' experts for not establishing merits of Plaintiffs' causes of action, such as causation, but that is not what the law requires at this stage of the case. Instead, Plaintiffs' expert testimony addresses the issues of commonality, predominance, and superiority as part of their showing that Rule 23 has been satisfied. Expert testimony that addresses these issues is properly considered at the class certification stage.

## LEGAL STANDARD

"[A]t the class certification stage, district courts are not required to conduct a full *Daubert* analysis…Rather, district courts must conduct an analysis tailored to whether an

---

[1] Defendant has not identified any particular portion of the Weeks or Bowser reports that it believes should be excluded, but rather asks the Court to exclude the reports in their entirety. In other words, Defendant is claiming that there is not a single relevant opinion contained anywhere in either report. Having failed to offer testimony from any experts of its own, Defendant appears to have resorted to a desperate evidentiary "Hail Mary" to attempt to even the playing field.

expert's opinion was sufficiently reliable to admit **for the purpose of proving or disproving Rule 23 criteria, such as commonality and predominance**." *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 516 (C.D. Cal. 2015) (quoting *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 495 (C.D. Cal. 2012) (emphasis added)). "At this early stage, robust gatekeeping of expert evidence is not required; rather, **the court should ask only if expert evidence is useful in evaluating whether class certification requirements have been met**." *Id.* (internal citation and quotation marks omitted) (emphasis added). "At trial, the *Daubert* inquiry focuses on whether a jury should be permitted to rely on a proposed expert's testimony in making its findings of fact. In the class certification context, the inquiry addresses whether the court may rely on the expert's testimony in deciding if Federal Rule of Civil Procedure 23's requirements have been met." *Watts v. Allstate Indem. Co.*, 2013 U.S. Dist. LEXIS 7407, at *14 (E.D. Cal. Jan. 16, 2013).

## **ARGUMENT**

Defendant raises no concerns about the reliability of Plaintiffs' expert testimony, instead challenging it on relevancy grounds. But Plaintiffs' expert testimony very directly establishes the steps necessary to prove Plaintiffs' claims with a single set of class-wide analyses. The testimony details these complex analyses, which will allow for a single orderly resolution of the claims of all class members. This shows that a number of common issues of fact and law predominate over individual inquiries, rendering class treatment the superior means of adjudication. In other words, Plaintiffs' expert testimony specifically addresses three of the most important prerequisites to class certification under Rule 23. Such testimony is plainly relevant to a determination of whether the Rule 23 prerequisites have been satisfied, and Defendant's misguided motion must be denied.

### **Mr. Weeks' Testimony**

David Weeks is a Professional Engineer with substantial expertise in air dispersion modeling. ([Doc. No. 47-3], 18). Defendant does not challenge his qualifications or the reliability of his testimony. Defendant simply asserts that his testimony is irrelevant because he did not make certain conclusions that would be appropriately presented at the merits stage

of this case. Mr. Weeks' testimony demonstrates that the extensive, complex air dispersion analysis that lies at the center of this dispute will be conducted once, and not differ amongst class members.

Mr. Weeks notes that the use of air dispersion modeling in this case would "entail a single analysis that will determine impacts to specific areas where different class members reside." (*Id.,* 2). He opines on the best model for application to this case and explains in detail how it functions. (*Id.,* 3-4). He identifies the data that must be input into the model, which is a single set of data that applies equally to all class members. (*Id.*, 6-9). He explains that from a single run of the model, results will be obtained for different thresholds of odor and for any number of specific geographic locations within the area of concern. (*Id.,* 4-5).

On the whole, Mr. Weeks' testimony sets forth the utility of an air dispersion modeling system that will allow Plaintiffs to demonstrate the locations and extent to which Defendant's odor emissions have been spread. The use of this model constitutes a single analysis that will reveal objective odor concentrations throughout the entire class area for the entire relevant timeframe. This key point is undisputed by Defendant, who has offered no evidence to the contrary. Based in part on the availability of this class-wide analysis, Plaintiffs submit that common issues predominate over any individual issues, and class treatment is the superior means of litigating this case. Mr. Weeks' testimony is therefore highly relevant to the issues of commonality, predominance, and superiority, and properly considered in the context of a Rule 23 motion.

### Dr. Bowser's Testimony

Dr. Timothy Bowser is registered Professional Engineer and Professor of Food Process Engineering at the Oklahoma State University. ([Doc. No. 47-4], 1). His expertise specifically relates to the animal rendering process, including vapor recovery and sensory analysis of odors. (*Id.*) Defendant has not challenged Dr. Bowser's qualifications or the reliability of his testimony. Here again, Defendant raises only a misplaced relevancy challenge. Dr. Bowser's testimony sets forth numerous issues that are common to the class as part of an analysis that would help to establish Plaintiffs' claims on the merits. Far from

having performed "no work" as Defendant alleges, Dr. Bowser has set forth a number of specific inquiries and considerations that are relevant to the Plaintiffs' allegations and common to all members of the class. (See *Id.,* 10).

At the merits stage Plaintiffs anticipate utilizing testimony from Dr. Bowser to establish, among other things, that Defendant has not complied with the industry standard of care for controlling odorous emissions from a rendering facility. Obviously, expert testimony that relates only to Defendant's facility and conduct will not entail individualized inquiries amongst various class members. Dr. Bowser's merits-stage analysis will have a singular focus on establishing the industry standard of care and whether or not Defendant has complied with it. His class certification testimony describes the particulars of this analysis, each of which constitutes a key common issue, supporting findings of commonality, predominance, and superiority. He identifies the various aspects of Defendant's facility that are likely to contribute to odor emissions and describes the various constituents of those emissions. (*Id.,* 3-4). He lays out the processes for objectively measuring those odors. (*Id.*, 4). He sets forth methods for collecting and treating the odorous emissions. (*Id.*, 5-6). He describes current odor mitigation strategies at the facility as a baseline for his merits-stage comparison with the industry standard of care. (*Id.,* 7-8). He preliminarily identifies the most likely significant odor sources at Defendant's facility, and sets forth specific steps to be taken to determine the effectiveness of Defendant's efforts to abate their emissions. (*Id.*, 9-10). He concludes that his merits stage evaluation will establish:

1. The sources within the rendering facility which are responsible for odor emissions.
2. The effectiveness of mitigation efforts taken by DIF, and the potential effectiveness of further mitigation efforts.
3. Whether the Defendant has taken all reasonable steps to comply with regulatory and industry operating standards in preventing the release of odors.
4. Whether the emissions from the Defendant's facility are the source of odors that are reported by area residents.

(*Id.*, 10).

Like Mr. Weeks, Dr. Bowser provides testimony showing that Plaintiffs' claims will be supported by analyses that entail myriad common issues, predominating over any

individual issues. This bears directly on the Rule 23 prerequisites, which is precisely Dr. Bowser's appropriate task at this stage of the case.

## **CONCLUSION**

Dr. Bowser and Mr. Weeks are qualified experts who have offered reliable testimony that bears directly on the Rule 23 prerequisites. Nothing could be more relevant to the determinations before the Court. Defendant has failed to offer any expert testimony and now seeks to have Plaintiffs' undisputed expert testimony regarding the Rule 23 prerequisites excluded based on an inapplicable evidentiary standard. Defendant's motion should be denied.

Dated: March 30, 2016  Respectfully submitted,

LIDDLE & DUBIN, P.C.
By: s/ Nicholas A. Coulson_____
Laura L. Sheets (*Pro Hac Vice*)
Nicholas A. Coulson (*Pro Hac Vice*)
975 E. Jefferson Avenue
Detroit, Michigan 48207
Phone: (313) 392-0015
Fax: (313) 392-0025
lsheets@ldclassaction.com
ncoulson@ldclassaction.com

EVANS LAW FIRM, INC.
Ingrid M. Evans (CA Bar No. 179094)
3053 Fillmore Street #236
San Francisco, California 94123
Phone: (415) 441-8669
Fax: (888) 891-4906

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2016

By: _____/s/Nicholas A. Coulson_____