LIDDLE & DUBIN, P.C.
Laura L. Sheets (*Pro Hac Vice*)
Nicholas A. Coulson (*Pro Hac Vice*)
975 E. Jefferson Avenue
Detroit, Michigan 48207
Phone: (313) 392-0015
Fax: (313) 392-0025
lsheets@ldclassaction.com
ncoulson@ldclassaction.com

EVANS LAW FIRM, INC.
Ingrid M. Evans (CA Bar No. 179094)
3053 Fillmore Street #236
San Francisco, California 94123
Phone: (415) 441-8669
Fax: (888) 891-4906

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| DONNA CONROE, ALLEN CONROE, and KIMBERLY TAPSCOTT-MUNSON, Individually and on Behalf of all others similarly situated,<br><br>Plaintiffs,<br>-v-<br><br>DARLING INGREDIENTS, F/K/A/ DARLING INTERNATIONAL, INC.,<br><br>Defendant, | No. 1:14-CV-01128-DAD-SMS<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' RESIDENT DATA SHEETS**<br><br>Date: May 17, 2016<br>Time: 9:30 a.m.<br>Courtroom: 5<br>Hon. Dale A. Drozd |

## INTRODUCTION

Defendant's Motion to Strike Plaintiffs' Resident Data Sheets ([Doc. No. 51]), like Defendant's motion to exclude Plaintiffs' expert testimony, is based on an evidentiary standard that does not apply at the class certification stage. In other words, even if the Resident Data Sheets ("RDS") constitute hearsay, they are still properly considered in deciding a motion for class certification. Even so, the contents of the RDS do not constitute hearsay because Plaintiffs are not offering the RDS in order to prove the truth of the matters asserted therein. Defendant's motion is entirely meritless and offers no legal basis for the relief that it seeks. It should therefore be denied.

## LEGAL STANDARD

"Since a motion to certify a class is a preliminary procedure, courts do not require strict adherence to the Federal Rules of Civil Procedure or the Federal Rules of Evidence." *Arredondo v. Delano Farms Co*., 301 F.R.D. 493, 505 (E.D. Cal. 2014) (citing *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974)). "[E]vidence presented in support of class certification need not be admissible at trial." *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 U.S. Dist. LEXIS 115718, at *7-8 (E.D. Cal. Aug. 27, 2015). "The class certification procedure is not accompanied by the traditional rules and procedures applicable to civil trials. At the class certification stage, the court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims. Therefore, the Court may consider inadmissible evidence at this stage. The court need not address the ultimate admissibility of the parties' proffered exhibits, documents and testimony at this stage, and may consider them where necessary for resolution of the Motion for Class Certification." *Arredondo*, 301 F.R.D. at 505 (citations and internal quotation marks omitted).

## ARGUMENT

**A. The Resident Data Sheets Need Not Be Admissible**

Defendant does not cite a single example of any federal court refusing to consider evidence on a motion for class certification based on inadmissibility. Instead, Defendant relies on a series of cases that involve different motions and different evidentiary standards. ([Doc.

No. 51-1], 4:3-17). There is simply no legal basis for striking the RDS on hearsay grounds. Defendant's reliance on an inapposite state court decision is entirely misplaced, because *Ng v. Republic Servs.* involved a completely different evidentiary standard.[1] ([Doc. No. 51-1], 5:3-21 (citing *Ng v. Republic Servs.*, Super. Ct. Santa Clara No. 1-12-cv-228591, 2015 Cal. Super. LEXIS 283, at *2 (Cal. Super. Ct. Jan. 28, 2015))). Defendant's invocation of requirements for sworn testimony has no bearing where the evidence offered need not be sworn testimony, or even admissible. Therefore Defendant's comparison of California Code of Civil Procedure Section 2015.5 and 28 U.S.C Section 1746 is an obvious red herring, because with respect to a federal class certification motion there is no need for the RDS to "have the effect of sworn affidavits in federal court." (See [Doc. No. 51-1] 5:14-21). Because the RDS and their contents need not be admissible, Defendant's motion should be denied.

**B. The Resident Data Sheets are Not Hearsay**

Even if ordinary evidentiary rules did apply to the RDS, their contents do not constitute inadmissible hearsay. The RDS are offered as preliminary evidence for the purpose of establishing the Rule 23 prerequisites. For that purpose, they are properly considered. Plaintiffs are not yet attempting to prove, nor does the Court yet need to decide, the truth of the allegations contained in the RDS. The RDS demonstrate that well over 100 of Defendant's neighbors *allege* odors from Defendant's facility, which supports findings of numerosity, commonality, typicality, predominance, and superiority. The Court is not being asked to make any findings of fact at this stage, much less any finding relating to the truth or falsity of the allegations contained in the RDS. Plaintiffs have no occasion within the motion at bar to "prove the matter[s] asserted" in the RDS. The RDS are therefore outside the definition of hearsay as set forth in Fed. R. Civ. P. 801(c). This provides a second, independent basis for denying Defendant's motion.

**C. Defendant's Argument Regarding the Persuasiveness of the Resident Data**

---

[1] California state courts require that admissible evidence be offered to establish each of the prerequisites to class certification. See *Soderstedt v. CBIZ S. Cal., LLC*, 197 Cal. App. 4th 133, 144 (2011).

**Sheets is Nonsensical.**

Plaintiffs' briefing on the class certification issue explains that because California's nuisance standard is objective, individual idiosyncrasies of class members are irrelevant. (See [Doc. No. 47-1], 11:6-12:3; [Doc. No. 53]. 10:7-15). Therefore, the fact that a full three of the more than 160 RDS respondents have reported not detecting odors is irrelevant and does not demonstrate an overbroad class. Similarly, the fact that various class members report slightly different frequencies in odor experience is irrelevant, especially given that Plaintiffs' Trial Plan accounts for varying impacts. Finally, Plaintiffs' plan to account for other area sources of odor (which is supported by expert testimony and undisputed by Defendant) renders Defendant's concerns about other potential odor sources irrelevant.

## **CONCLUSION**

Documentary evidence need not be admissible to be considered in the context of a motion for class certification. The Court is not tasked with making any findings of fact and the Resident Data Sheets are therefore not offered for the truth of the matters asserted therein. The Resident Data Sheets are preliminary evidence that support prerequisites of Rule 23 including numerosity, commonality, typicality, predominance, and superiority. Defendant filed this motion because it understands that Plaintiffs have satisfied Rule 23 and it has offered nearly nothing in response. Defendant has brought another baseless motion without any support in the law, and its motion should be denied.

Dated: March 30, 2016          Respectfully submitted,

                                             LIDDLE & DUBIN, P.C.
                                             By: _s/ Nicholas A. Coulson_____
                                             Laura L. Sheets (*Pro Hac Vice*)
                                             Nicholas A. Coulson (*Pro Hac Vice*)
                                             975 E. Jefferson Avenue
                                             Detroit, Michigan 48207
                                             Phone: (313) 392-0015
                                             Fax: (313) 392-0025
                                             lsheets@ldclassaction.com
                                             ncoulson@ldclassaction.com

EVANS LAW FIRM, INC.
Ingrid M. Evans (CA Bar No. 179094)
3053 Fillmore Street #236
San Francisco, California 94123
Phone: (415) 441-8669
Fax: (888) 891-4906

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2016

By: _____/s/Nicholas A. Coulson_____