| | |
|---|---|
| 1 | MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| 2 | Christopher S. Hall (CA Bar No. 203901)<br>7647 N. Fresno Street |
| 3 | Fresno, California 93722-8912<br>Phone: (559) 433-1300 |
| 4 | Fax: (559) 433-2300<br>christopher.hall@mccormickbarstow.com |
| 5 | |
| 6 | KEATING MUETHING & KLEKAMP PLL<br>Joseph M. Callow, Jr. (*admitted pro hac vice*) |
| 7 | Thomas F. Hankinson (*admitted pro hac vice*)<br>Jacob D. Rhode (*admitted pro hac vice*) |
| 8 | One East Fourth Street, Suite 1400<br>Cincinnati, Ohio 45202 |
| 9 | Phone: (513) 579-6400<br>Fax: (513) 579-6457 |
| 10 | jcallow@kmklaw.com<br>thankinson@kmklaw.com |
| 11 | jrhode@kmklaw.com |
| 12 | Attorneys for Defendant<br>Darling Ingredients, Inc. (formerly known as Darling |
| 13 | International Inc.) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA BROOKS, Individually and on behalf of all others similarly situated, et al. | ) ) | No. 1:14−CV−01128 |
| Plaintiffs, | ) ) ) ) | **DEFENDANT DARLING INGREDIENTS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' "RESIDENT DATA SHEETS"** |
| -v- | ) ) | |
| DARLING INGREDIENTS, INC., F/K/A DARLING INTERNATIONAL, INC. | ) ) ) | |
| Defendant. | ) | |

Plaintiffs have failed to properly rebut Darling's main arguments regarding the proffered "Resident Data Sheets." There is no place in the class certification process for unreliable attorney advertising materials being offered as purported evidence and the Court should strike them from the record. Darling submits this short reply memorandum to highlight a few key points in advance of the hearing on Plaintiffs' Motion for Class Certification and Defendants' Motions to Strike and Exclude.

*First*, Plaintiffs' Motion for Class Certification and Opposition to Defendants' Motion to Strike are devoid of any statement of facts supporting the Resident Data Sheets. It is thus undisputed that the sheets are nothing more than attorney advertising materials that include "push-poll"-style prefabricated forms. The pre-printed sheets *presume* Darling created odors and *presume* that odors from Darling -- and not a third party -- are the cause of the signer's complaints. The signers have no idea the cause of the alleged odors; in many cases, the handwritten comments confirm that the source is likely a third party and not Darling. These highly irregular and unreliable materials have no proper place in the Court's determination of the certification issue.

*Second*, Plaintiffs assert that evidentiary rules and considerations categorically play no role in a class certification decision, but their own cited *Pena* case demonstrates that Plaintiffs are wrong. *See Pena v. Taylor Farms Pac., Inc.,* No. 2:13-cv-01282-KJM-AC, 2015 U.S. Dist. LEXIS 115718, at *7-8 (E.D. Cal. Aug. 27, 2015). Plaintiffs cite *Pena* as support for the proposition that "evidence presented in support of class certification need not be admissible at trial." (Pls.' Opp. re Resident Data Sheets, Dkt. 55, at 1.) However, in the very next sentence of that decision this Court qualified that proposition by noting it was something the Court had "previously concluded," which was currently uncertain based on prevailing Ninth Circuit law: "But the Ninth Circuit has not directly addressed this question [of admissibility determinations in the class certification process]

DEFENDANT DARLING INGREDIENTS, INC.'S
REPLY IN SUPPORT OF THEIR MOTION TO STRIKE
PLAINTIFFS' "RESIDENT DATA SHEETS"

and appears to have assumed some evidentiary standard applies, at least in the context of expert witness testimony." *Pena*, 2015 U.S. Dist. LEXIS 115718, at *7-8 (citations omitted).

*Third*, Plaintiffs wrongly argue that the Resident Data Sheets are not hearsay because they are not used for the truth of the matter asserted. That argument does not hold water. If the Resident Data Sheets are not used to prove the truth of the assertions about Darling and the respondent's odor complaints, then they have absolutely no value. The statements would only *matter* if they were used to try to prove the truth of what they assert, which is an impermissible hearsay use of the documents.

*Fourth*, Plaintiffs' Opposition denigrates, but does not actually rebut, Darling's discussion of the contents of the Resident Data Sheets. (*See* Darling's Opening Br. re Resident Data Sheets, Dkt. 51-1, at 5-7; Pls.' Opp. re Resident Data Sheets, Dkt. 55, at 3.) Darling's opening brief pointed out the many ways in which the Resident Data Sheets, if considered, would actually weigh *against* class certification due to the myriad of individualized issues that they raise. Plaintiffs' Opposition makes no specific arguments to the contrary.

For the reasons discussed above and in Darling's opening brief, the Court should strike Exhibit 9 at Docket Number 47-10 and 47-11, the so-called "Resident Data Sheets."

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Christopher S. Hall
Christopher S. Hall (CA Bar No. 203901)
7647 N. Fresno Street
Fresno, California 93722-8912
Phone: (559) 433-1300
Fax: (559) 433-2300
christopher.hall@mccormickbarstow.com

KEATING MUETHING & KLEKAMP PLL
Joseph M. Callow, Jr. (*admitted pro hac vice*)
Thomas F. Hankinson (*admitted pro hac vice*)
Jacob D. Rhode (*admitted pro hac vice*)

One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
jcallow@kmklaw.com
thankinson@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant Darling Ingredients, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendant Darling Ingredient, Inc.'s Reply In Support of Their Motion to Strike Plaintiffs' "Resident Data Sheets" was filed via the Court's electronic filing system on this 13th day of April, 2016. The parties may access this pleading through the Court's electronic docketing system.

By: /s/ Christopher S. Hall

6740853