1 | MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
2 | Christopher S. Hall (CA Bar No. 203901)
7647 N. Fresno Street
3 | Fresno, California 93722-8912
Phone: (559) 433-1300
4 | Fax: (559) 433-2300
christopher.hall@mccormickbarstow.com
5

6 | KEATING MUETHING & KLEKAMP PLL
Joseph M. Callow, Jr. (*admitted pro hac vice*)
7 | Thomas F. Hankinson (*admitted pro hac vice*)
Jacob D. Rhode (*admitted pro hac vice*)
8 | One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
9 | Phone: (513) 579-6400
Fax: (513) 579-6457
10 | jcallow@kmklaw.com
thankinson@kmklaw.com
11 | jrhode@kmklaw.com

12 | Attorneys for Defendant
Darling Ingredients, Inc. (formerly known as Darling
13 | International Inc.)

14

**UNITED STATES DISTRICT COURT**

15

**EASTERN DISTRICT OF CALIFORNIA**

16

17 | LINDA BROOKS, Individually and on ) No. 1:14−CV−01128
behalf of all others similarly situated, et al. )
18 | ) **DEFENDANT DARLING INGREDIENTS,**
Plaintiffs, ) **INC.'S REPLY IN SUPPORT OF THEIR**
19 | ) **MOTION TO EXCLUDE THE OPINIONS**
) **OF DAVID WEEKS AND TIMOTHY**
20 | -v- ) **BOWSER**
)
21 | )
DARLING INGREDIENTS, INC., F/K/A )
22 | DARLING INTERNATIONAL, INC. )
)
23 | Defendant. )

The bottom line is that expert reports discussing what an expert could possibly do in the future – but admittedly did not do in the present – are not helpful and cannot help Plaintiffs fulfill their burden of establishing the requirements for class certification in this case. Darling submits this short reply memorandum to reiterate a couple key points as to why the Court should exclude the reports of Plaintiffs' proffered experts David Weeks and Timothy Bowser, which Plaintiffs fail to adequately rebut in their Opposition.

***First,*** Plaintiffs do not dispute that Weeks and Bowser only opine on tests and analyses that *could* be done in theory, instead of actually performing *any* such tests and analyses. This makes their purported "opinions" irrelevant, unhelpful, and unreliable. Plaintiffs argue that they are not required to prove the merits of their case at the class certification stage, but an expert's utter lack of actual analysis is no more relevant and reliable at the class certification stage than it is at the merits stage. In any context, expert evidence must make a conclusion that is relevant and helpful after applying a reliable methodology, or it is inappropriate and inadmissible. The Court should reject Plaintiffs' argument that all actual tests and expert analysis are reserved for the merits phase, with no applicability to the class certification state. The "rigorous analysis" the Court must perform in evaluating Plaintiffs' Motion For Class Certification under Rule 23 "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Court's "rigorous analysis" and Rule 702 require more from an expert than "unsubstantiated speculation" about what tests *might* be done in the future. *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997).

Here, Weeks' opinion would only be valuable if he had actually performed testing that would help the Court understand something about the area and spread of alleged odors from Darling. Absent an actual test and analysis, Weeks' report utterly fails to speak to the issue at hand: what

common issue(s) bind the putative class and predominate over individualized inquiries? A relevant and helpful report might provide, for example, some completed testing and modeling to demonstrate that particles of a certain type traveled a certain distance around the Darling Plant with a particular concentration being found in common on the properties of residents within "x" distance from the Darling Plant. Then, in theory, Weeks would be providing at least some evidence that those properties were being affected by a common issue. As is, Weeks' "opinion" is merely that a test exists and *might* be performed. It says nothing about the commonalities or differences of the putative class members or whether common issues predominate over individual ones.

Bowser fares no better. He, too, offers no actual opinion on any practice that would bind the putative class together – he merely speculates about what analysis could be done. As with Weeks, Bowser thus fails to give any answer relevant to the class certification questions.

***Second***, Plaintiffs are wrong in arguing that irrelevance is the only ground for inadmissibility raised by Darling's Motion. Plaintiffs ignore the clear precedent and argument from Darling's opening brief that "expert testimony . . . [must] not include unsubstantiated speculation and subjective beliefs," which is of course unreliable and inadmissible under Rule 702. (*See* Darling's Opening Br. re Weeks and Bowser, Dkt. 52-1, at 4-6; Pls.' Opp. re Weeks and Bowser, Dkt. 54, at 2.) Darling's Motion also challenges their expert's helpfulness, and asserts that the reports lack the required "fit" to the facts of this case. (Def.'s Opening Br. re Striking Experts, Dkt. 52-1, at 4.) To give admissible opinion evidence, an expert must actually apply his or her methodology to the case at hand. Plaintiffs must demonstrate this required "fit." *See US v. Scholl*, 166 F.3d 964, 970 n.1, 971 (9th Cir. 1999). Plaintiffs' Opposition fails to address this requirement, and Plaintiffs' have not carried their burden to support admissibility.

The Court should strike the opinions of David Weeks and Timothy Bowser and their reports (Plaintiffs' Exhibits 2 and 3 at Docket Number 47-3 and 47-4).

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Christopher S. Hall
Christopher S. Hall (CA Bar No. 203901)
7647 N. Fresno Street
Fresno, California 93722-8912
Phone: (559) 433-1300
Fax: (559) 433-2300
christopher.hall@mccormickbarstow.com

KEATING MUETHING & KLEKAMP PLL
Joseph M. Callow, Jr. (*admitted pro hac vice*)
Thomas F. Hankinson (*admitted pro hac vice*)
Jacob D. Rhode (*admitted pro hac vice*)
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
jcallow@kmklaw.com
thankinson@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant Darling Ingredients, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendant Darling Ingredient, Inc's Reply In Support of Their Motion to Exclude the Opinions of David Weeks and Timothy Bowser was filed via the Court's electronic filing system on this 13th day of April, 2016. The parties may access this pleading through the Court's electronic docketing system.

By: /s/ Christopher S. Hall

6740714